IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JASON ERIC SWANSON,

    Plaintiff,

v.                                         Civil Action No. 1:04CV170
                                          (Judge Broadwater)

B.A. BLEDSOE;
MR. HARRELL WATTS;
K.M. WHITE;
MR. WENDT;
P. WEIDMAN; R. McCLOUD;
and MR. HARLEY LAPPIN,

    Defendants.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 2, 2004, the *pro se* plaintiff, Jason Eric Swason, an inmate at FCI-Gilmer, filed a complaint against the above-name defendants seeking monetary damages for the alleged violation of his First Amendment right to Free exercise of religion, Fourteenth Amendment right to due process and equal protection, and violations of the Religious Freedom Restoration Act, 42 U.S.C. §2000bb-1, Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, and 28 C.F.R. §551.90.[1]

On March 16, 2005, the plaintiff filed a Motion to Compel the Clerk of the Court to Effect

---

[1] This regulation provides that "Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief."

Service via U.S.M.J. Form, 285 issued by Clerk of the Court as to Service of Defendants.

On March 31, 2005, the plaintiff filed Supplemental Brief Additional Information to Original Complaint. On April 11, 2005, the plaintiff filed a Motion for Appointment of Counsel and Motion for Jury Trial along with a Memorandum of Law.

The plaintiff practices Christian Identity which he asserts is a religion. According to the plaintiff, he believes that the Anglo-Saxons, Germanic, Scandinavian, Celtic and related peoples are the Israelites of the Bible, that Jews are direct descendants of Satan and "are in a continual struggle with the children of the Most High El, YHVH those being the white race of today," and that Judeo-Christians celebrate pagan holidays. According to the plaintiff, Easter and Christmas "have their foundations in paganism and are considered idolatry to those of the Christian Identist faith."

The plaintiff asserts that the chapel at FCI-Gilmer refuses to recognize the Christian Identity faith. However, he states that when he was housed at FCI-Englewood, he was allowed to conduct Christian Identity Bible studies.

The plaintiff alleges that the defendants have denied him access to chapel services to perform his religious duties, denied his requests to observe his religiously commanded Feast Days, told him that he would have to study and worship with other religious services, and denied his request to have communion in his cell.

According to the plaintiff, sharing services with other faiths would violate his religious commandments, and the defendants' denials of his requests prevent him from spreading the Gospel to his brethern, and forces him "to be under continual influence and harassment of foreign and alien beliefs."

2

The plaintiff filed a Request for Administrative Remedy Informal Resolution Form in which he complained that Christian Identists were being denied a weekly time slot in the chapel to conduct Bible studies. He was advised by R. Reed, Counselor, that permission for the plaintiff's group to meet "could pose a threat to the orderly running of the institution. You may attend the nondenominational Christian services which are already established on the Religious Services schedule." The plaintiff then filed an Administrative Remedy Appeal. The appeal was denied and K.M. White advised the plaintiff that "Christian Identity is not a recognized faith because the functions of the group [were] determined to be in violation of Bureau policy and/or a threat to the security and safe orderly running of the institution."

The plaintiff then filed a Central Office Administrative Remedy Appeal which was denied. He was advised by Harrell Watts that "the Religious Issues Committee made a recommendation to the Warden based upon safety and security considerations that the Church of Christian Identity not be authorized to meet." The plaintiff was also advised that he could practice his faith as an individual practitioner. According to Mr. Watts, "this allows you accessibility to religious literature as guided by Programs Statement 5266.10, Incoming Publications, and the ability to meet your own personal ritual and devotional needs within the confines of your cell."

After exhausting his administrative remedies, the plaintiff filed the instant complaint. In his complaint, the plaintiff requests the following:

> That the Court grant F.B.O.P. wide recognition of the Christian Identity Faith, a weekly 1-2 hour time slot in the chapel to study and worship within the tents [sic] of his faith without foreign or alien influences, to have a Christian Identity label listing for inmates in the F.B.O.P. religious preference category and not be labeled under 'other' as is the current procedure, for Christian Identists be allowed to celebrate their commanded Feasts and other Holy Days, and for the F.B.O.P. to refrain from labeling the Christian Identity faith as a security threat.

3

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. The undersigned has screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§§ 1915(e) and 1915A,[2] and makes the recommendations set forth below.

## II. ANALYSIS

### A. Standard of Review

The complaint in this case has been filed pursuant to 28 U.S.C. §1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.

Under 28 U.S.C. §1915, a lawsuit may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section

---

[2] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

1915(e)(2)(B)(i), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" under section 1915(e) if the facts alleged are clearly baseless. Denton, 504 U.S. at 32 (1992). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

"To avoid dismissal of suit as frivolous, in forma pauperis plaintiffs must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, an action is malicious when filed with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va.1997).

Additionally, dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, see Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, the Court must accept as true the allegations set forth by the

5

plaintiff in his complaint. See Perkins v. Kansas Department of Corrections, 165 F.3d 803 (10th Cir. 1999).

**B. First Amendment Claim**

The First Amendment to the United States Constitution provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. CONST. art. I. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)(internal citation omitted). However, the right is not unlimited. Id.

"'[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" Id. ( citing Turner v. Safley, 482 U.S. 78, 89 (1987)). The Supreme Court provided four factors to guide a district court's application of this general principle:

> First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it . . .
> A second factor ... is whether there are alternative means of exercising the right that remain open to prison inmates ...
> A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally . . .
> Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. By the same token, the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable, but is an exaggerated response to prison concerns.

Turner. 482 U.S. at 90-9; accord Veney v. Wyche, 293 F.3d 726, 732 (4th Cir. 2002).

The plaintiff alleges that the defendants are preventing him from practicing his beliefs of Christian Identity. The undersigned finds that the plaintiff has exhausted his administrative

remedies, and that it is not clear at this point that no relief could be granted under any set of facts that could be proved consistent with the plaintiff's allegations. Consequently, it is recommended that the plaintiff's first amendment claim not be summarily dismissed.

C. **Fourteenth Amendment Claims**

The plaintiff asserts that he is raising a claim under the Fourteenth Amendment for violation of his due process and equal protection rights. Because the plaintiff is a federal prisoner and his constitutional rights have allegedly been violated by federal employees, the plaintiff's claim arises under the Fifth Amendment. See Dusenberry v. United States, 534 U.S. 161 (2002). However, the plaintiff sets forth no facts demonstrating a violation of his due process or equal protection rights.

Rule 8(a) provides in pertinent part as follows:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

The plaintiff merely states that his due process and equal protection rights have been violated without any explanation how his rights were violated. Thus, this claim should be summarily dismissed.

C. **Claim under the Religious Freedom Restoration Act and Religious Land Use and Institutionalized Persons Act.**

"[The Religious Freedom Restoration Act ("RFRA")] prohibited federal and state governments from 'substantially burden[ing]' a person's exercise of religion, even as the result of a law of general applicability, unless the government could demonstrate that the burden '(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" City of Boerne v. Flores, 521 U.S. 507, 515-16 (1997)(quoting 42 U.S.C. §2000bb-1(a)-(b)).

Congress enacted RFRA in response to Employment Division, Department of Human Resources v. Smith, 494 U.S. 872 (1990). In Smith, the Supreme Court held that the First Amendment is not violated by generally applicable rules that affect religious practices.

The Supreme Court eventually invalidated the RFRA as applied to states. City of Boerne v. Flores, 521 U.S. 507 (1997). However, it still applies to the federal government. Madison v. Riter, 355 F. 3d 310 (4th Cir. 2003). In response to City of Boerne, Congress enacted the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc et. seq., which mirrored the provisions of RFRA, but the scope was limited to laws and regulations regarding land use and institutionalized persons. See 42 U.S.C. §20000cc-1(a); Id.

The plaintiff asserts that his exercise of religion has been burdened by the defendants' actions. Thus, the plaintiff may have a claim under RFRA and RLIUPA. Therefore, the undersigned finds that the claim should not be summarily dismissed.

**D. Motion for Counsel**

The plaintiff requests that he be appointed counsel because he has limited knowledge of the law, his case is complex, he is in the SHU and is unable to investigate his case and once he is transferred he will "be completely unable to do any investigatory work, i.e, depose witness[es], cross-examine evidence, call witnesses, etc.," and his case has merit.

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstance. Cook

v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). At this point, the plaintiff has failed to demonstrate that his current circumstances require the appointment of counsel for him to pursue his current cause of action. Accordingly, the plaintiff's motion for appointment of counsel should be denied.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the plaintiff's complaint **not** be summarily dismissed and that the defendants be served with a copy of the complaint. It is further recommended that the plaintiff's Motion to Compel the Clerk of the Court to Effect Service via U.S.M.J. Form, 285 issued by Clerk of the Court as to Service of Defendants be **DENIED AS MOOT**, that his request for counsel be **DENIED** and his Motion for Jury trial be **DENIED AS MOOT** because the request for a jury trial does not need to be made by separate motion.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

9

DATED: April 25, 2005

                                        **/s** *John S. Kaull*
                                        JOHN S. KAULL
                                        UNITED STATES MAGISTRATE JUDGE